## OLIVER J. LA DOUCRE v. J. H. NICKEL.[1]

June 16, 1911.

Nos. 17,092—(181).

**Dangerous appliance furnished servant — liability of master.**

An employer is liable for an injury caused to an employee by an unnecessarily dangerous appliance, knowingly and intentionally furnished to such employee by a foreman authorized to furnish appliances.

**Damages not excessive.**

From the record it does not appear that the damages awarded upon the trial are excessive.

Action in the district court for Ramsey county to recover $10,250 for personal injuries. The answer admitted that while plaintiff was handling hot rivets in a sheet iron can, a very small quantity of powder in the can exploded, but denied that any injury was caused thereby and denied specifically that the explosion was brought about by any negligence on defendant's part. The case was tried before Brill, J., who, at the close of the testimony, denied defendant's motion for a directed verdict. The jury returned a verdict in favor of plaintiff for $3,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Morton Barrows,* for appellant.

*C. C. McElwee,* for respondent.

[1] Reported in 131 N. W. 852.

SIMPSON, J.

The plaintiff, claiming to have received an injury while in defendant's employ through defendant's negligence, brought this action to recover damages therefor. Plaintiff had a verdict in the court below, and the defendant appeals from an order denying its alternative motion for judgment or a new trial.

The material facts involved are the following: The plaintiff was working as a riveter in erecting the structural iron work of a building in St. Paul. In this work the rivets are heated in a forge and thrown up, red hot, to the riveters, who catch them in tin cans. King, the foreman, prepared from two powder cans two cans for catching rivets. He adapted powder cans to the new use by cutting out the top of such a can, fitting a disk of wood in the bottom, placing the removed top over the disk of wood, and fastening the two to the bottom of the can. In preparing one can in this manner, he noticed in the bottom a small quantity of powder, about as much as would lie in the bottom of a man's hand. He conceived it would be a good joke to leave the powder in the bottom of the can, and when the hot rivets came into the can "it would make a fizz." He did not anticipate that it would cause an injury. Accordingly he left, or placed back, in the can the powder and fastened in the additional bottom. After thus preparing this can, the foreman gave it to the riveters to use. The plaintiff, in the course of his work, first caught a rivet in it. An explosion followed from the ignition of the powder confined between the layers of the bottom. The plaintiff claimed he was seriously injured thereby.

1. The defendant urges that from these facts no liability on the part of the defendant appears, because the act causing the injury was wilfully committed by the servant for his personal purpose, and not in furtherance of his master's business. The wilful act thus referred to is the placing of powder in the can. The negligent act charged is furnishing the plaintiff with an unsafe instrumentality. The foreman, King, furnished the plaintiff with a completed appliance in which to catch rivets. In doing this he was acting in furtherance of his master's business. It is the duty of a master to exercise due or ordinary care in furnishing instrumentalities for a

servant to work with, to the end that such instrumentalities may be reasonably safe for such use. Whether he perform such duty in person or intrust it to an employee, he is alike chargeable for an injury which may result to a servant through the failure to exercise such care. It is immaterial whether a lack of ordinary care in the discharge of this duty arises from the careless or the merry mood of the person charged with the performance of the duty.

In this case the furnishing of this appliance to the plaintiff was by the defendant intrusted to the foreman. A prepared can was furnished by the foreman to the plaintiff in a condition that exposed the plaintiff to unnecessary and unreasonable danger. The exercise of ordinary care on the part of the foreman would have removed this source of danger and made the appliance reasonably safe. For the failure to exercise this care the defendant is liable. The appliance furnished was required by the servant for use in his work. It was furnished him to be so used, and, while so using it in the master's work, injury resulted. This fact distinguishes the act here involved from the mischievous or wanton act of a servant, done outside of his employment, either with or without an instrumentality furnished by the master. The act here involved—furnishing a can to the plaintiff for his use in his employer's work— was clearly the act of the defendant, and for the failure of the person to whom he delegated the performance of that act to use ordinary care to have the appliance reasonably safe for the plaintiff's use the defendant is liable.

2. It is claimed by the defendant that the damages awarded are excessive. The force of the explosion drove the can against the plaintiff's hip. He immediately felt faint, but about twenty minutes thereafter resumed work. During the following ten weeks he worked at his trade most of the time. He then stopped work, and up to the time of the trial—a period of about six months—he did no work. At the time of the trial the plaintiff's claim, supported by medical testimony, was that he was suffering from an injury to some of the nerves in the hip. There was evidence from which the jury might find that this resulted from the accident referred to. The medical testimony indicated he would ultimately recover within one

or two years, and that he would require medical treatment. The jury returned a verdict of $3,000. From an examination of the record, we are not able to say that the damages awarded are excessive.

Affirmed.